THE FOLLOWING ORDER
IS APPROVED AND ENTERED
AS THE ORDER OF THIS COURT:

DATED: August 25, 2017



Beth E. Hanan
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

In re:

Kathryn Mae Sier,      Case No. 17-20837-beh

Debtor.      Chapter 7

**DECISION AND ORDER DENYING DEBTOR'S MOTION TO REOPEN CASE TO VACATE DISCHARGE ORDER AND FILE REAFFIRMATION AGREEMENTS**

The debtor has moved to reopen this case so that the court can vacate her discharge order and allow her to file enforceable reaffirmation agreements. Because the court cannot grant the requested relief, the debtor's motion is denied.

### Background

The debtor filed a voluntary petition commencing this case on February 3, 2017. The deadline for objecting to her discharge was May 15, 2017. In the absence of a timely objection, the court could have granted a discharge on May 16, 2017. *See In re Kropp,* No. 16-29342-GMH (June 5, 2017); Rule 4004(c)(1). In any event, no objections were filed, and the debtor's discharge was entered on May 22, 2017. At no time did the debtor move for an extension of time to file a reaffirmation agreement under Federal Rule of Bankruptcy Procedure

4008(a) (*see* FED. R. BANKR. P. 4004(c)(1)(J)), or to delay the entry of her discharge under Bankruptcy Rule 4004(c)(2).

On May 25, 2017, the court received three reaffirmation agreements signed by the debtor, her attorney, and a representative of the creditor, UW Credit Union. CM-ECF, Doc. Nos. 12–14. The agreements concerned the debtor's 2007 Honda Ridgeline and real property located at 4141 S. Moorland Road in New Berlin, Wisconsin. They were signed by a representative of UW Credit Union on May 23, 2017. Because the agreements were made after the debtor's discharge issued, they are not valid under 11 U.S.C. § 524(c)(1), and the court issued an order so stating on June 1, 2017. CM-ECF, Doc. No. 16.

On July 25, 2017—almost two months after her discharge issued—the debtor moved to reopen her case to vacate her discharge order and file enforceable reaffirmation agreements with UW Credit Union.

## **Analysis**

A bankruptcy case may be reopened "to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). When considering whether to reopen a closed bankruptcy case, "a bankruptcy judge may consider a number of nonexclusive factors . . . including (1) the length of time that the case has been closed; (2) whether the debtor would be entitled to relief if the case were reopened; and (3) the availability of nonbankruptcy courts, such as state courts, to entertain the claims." *Redmond v. Fifth Third Bank*, 624 F.3d 793, 798 (7th Cir. 2010).

The first and third factors weigh in the debtor's favor: this case has been closed only two months (although the court questions why the debtor did not move to reopen sooner), and only a bankruptcy court may approve a reaffirmation agreement. Because the court concludes, however, that the debtor would not be entitled to relief if this case were reopened, her motion must be denied.

Under Federal Rule of Bankruptcy Procedure 9024, which incorporates Federal Rule of Civil Procedure 60(b), the court may relieve a party from a final

order for reasons including mistake, inadvertence, surprise or excusable neglect by the movant, or for "any other reason that justifies relief." FED. R. CIV. P. 60(b)(1), (6). Relief under Rule 60(b) is "an extraordinary remedy" that is "granted only in exceptional circumstances." *Eskridge v. Cook County*, 577 F.3d 806, 809 (7th Cir. 2009).

Here, the debtor argues that the discharge order should be vacated because, among other things, "Debtor and Debtor's counsel acted diligently in submitting the Agreements to the Creditor[], and but for a stroke of bad luck—having the discharge order entered one day prior to Creditor signing the Agreement—the Agreements would have been valid under § 524(c)."[1]

In support of her motion, the debtor relies primarily on *In re Edwards,* 236 B.R. 124, 126 (Bankr. N.H. 1999), a case in which the bankruptcy court granted the debtor's motion to vacate his discharge order under Rule 60(b), to allow him to enter into an enforceable reaffirmation agreement. Notably, there is a split of authority—in which *Edwards* falls into the minority camp—over whether bankruptcy courts are empowered to vacate discharge orders for the purpose of approving reaffirmation agreements. *Compare Edwards* and *In re Long,* 22 B.R. 152 (Bankr. D. Me. 1982) (equitably weighing relative prejudice and degree of debtor culpability), with the later case trend not mentioned by debtor, such as *In re Engles*, 384 B.R. 593 (Bankr. N.D. Okla. 2008) and *In re Rigal*, 254 B.R. 145 (Bankr. S.D. Tex. 2000) (concluding that sections 727(d) and (e) alone govern revocation of discharge, and only a trustee, creditor or U.S. Trustee has standing under those sections); *see also In re Eastep*, 562 B.R. 783, 788 (Bankr. W.D. Okla. 2017) (collecting cases). For purposes of this motion, the court need not determine whether the authority debtor seeks exists, because even if the court could vacate the discharge order for the

---

[1] In order for a reaffirmation agreement to be valid, it must be signed by both parties (and thus "made") before the debtor's discharge, *see* 11 U.S.C. § 524(c)(1). Although the agreement also must be *filed* with the court, it need not be filed before the debtor's discharge in order to be binding, *see* § 524(c)(3).

requested purpose, the debtor has not demonstrated that she would be entitled to such relief.

The debtor does not expressly assert that a basis for relief under Rule 60(b) exists here. Nor does the court find one. The debtor knew that the deadline for objecting to her discharge was May 15, 2017. Her discharge was not issued until a full week later, on May 22. If the debtor was having difficulty obtaining a signed copy of her reaffirmation agreements from UW Credit Union, she had every opportunity to move for a deferral of the entry of her discharge, but she failed to do so. Entry of the discharge order prior to May 25 was not a "stroke of bad luck," as the debtor claims, but a foreseeable occurrence. And while the debtor asserts there will be no prejudice to her or to the creditor if she is allowed to file her reaffirmation agreements, the court cannot ignore that the failure that occurred here—letting the discharge-objection deadline pass without moving for a deferral of the entry of the discharge—was within the reasonable control of the debtor. The court cannot find that the discharge order was entered as the result of mistake, inadvertence, surprise, or excusable neglect. Nor has the debtor demonstrated "'extraordinary' circumstances which prevented relief through usual channels." *In re Golladay*, 391 B.R. 417, 423 (Bankr. C.D. Ill. 2008) (quoting *Ackermann v. U.S.,* 340 U.S. 193, 199–202 (1950)). *See also Arrieta v. Battaglia*, 461 F.3d 861, 865 (7th Cir. 2006) ("Relief under Rule 60(b)(6) requires a showing of "'extraordinary circumstances.'").

The *Golladay* bankruptcy court declined to vacate discharge orders in a similar situation, noting that the debtors had failed to satisfy the heavy burden imposed by Rule 60(b), and describing the practice of debtors filing motions like this one as "troubling":

> In the cases now before this Court, there is no evidence—nor even a suggestion—that the extraordinary circumstances required for relief to be granted pursuant to Bankruptcy Rules 9023 and 9024 are present. The parties simply permitted their discharge dates to pass without entering into reaffirmation agreements or forestalling the entry of the discharge by seeking extensions of time pursuant to Rule 4004(c)(2). When the bankruptcy rules specifically provide such a simple and efficient tool, there should be no reason to

> resort to extraordinary remedies.' . . . The facts before this Court in these two cases are unexceptional and demonstrate no basis whatsoever to warrant extraordinary relief.
>
> The troubling practice of permitting the entry of discharge orders without moving for deferral under Rule 4004(c)(2) and then seeking to 'set aside' or vacate those discharge orders to allow the filing of untimely reaffirmation agreements must end. . . . . Rule 9023 and 9024 motions are far from routine, and extraordinary circumstances must generally be plead and proved in order for such relief to be granted.

391 B.R. at 423–24.

Even the *Edwards* court stressed that its conclusion was based upon the "compelling facts" of that case, and cautioned: "This Court will not ordinarily vacate discharge orders for the purpose of allowing enforceable reaffirmation agreements. Debtors have § 521(2)(B) [*sic*] and Fed. R. Bankr. P. 4004(c)(2) at their disposal, the use of which should preclude the need for vacating discharge orders to allow enforceable reaffirmation agreements in all but the most exceptional cases." 236 B.R. at 128. This case is not exceptional.

The court is mindful that the debtor wishes to reaffirm debts on her residence and vehicle, important assets, and that she now fears that she "may not have her payments reported on her credit report, and . . . would be unable to refinance the note in the future," hindering her "fresh start." However sympathetic the court may be, this does not allow the court to relax the demanding standards of Rule 60(b).

Because the debtor would not be entitled to the relief she is requesting if this case were reopened, her motion to reopen the case for the purpose of vacating the discharge order and filing reaffirmation agreements is hereby **DENIED**.

#####